

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-16-00123-CV

IN RE KYE WHITNEY ADAMS JOHNSON, RELATOR

ORIGINAL PROCEEDING

May 5, 2016

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Kye Whitney Adams Johnson seeks a writ of mandamus compelling respondent, the Honorable Dan Mike Bird, Judge of the 46th District Court of Wilbarger County, to vacate temporary orders in a suit for modification brought by real party in interest Gordon Matthew Raymos. Johnson and Raymos are the parents of seven-year-old K.K.R. Johnson argues the trial court abused its discretion because the evidence at the temporary-orders hearing was insufficient to support a statutory exception to the rule that a court may not render temporary orders changing the designation of the person having the exclusive right to designate the primary residence

of a child.[1]  Because we agree that the necessary evidentiary showing was not made, we will conditionally grant the relief requested.

Background

By their 2010 divorce decree, Johnson and Raymos were appointed joint managing conservators of K.K.R., with Johnson granted the exclusive right to designate the child's primary residence.  A geographic restriction limited K.K.R.'s primary residence to Wilbarger, Wichita, Hardeman, or Foard Counties.  Raymos received standard visitation orders.  At the time, Johnson and Raymos each lived in Vernon in Wilbarger County.

Evidence at the temporary-orders hearing showed in 2015 Johnson intended to seek better employment in a city beyond the bounds of the decree's geographic restriction.  On September 18, 2015, when Raymos attempted to pick K.K.R. up for weekend visitation, he and Johnson argued over her relocation plans.  As Raymos prepared to back his vehicle from the driveway, Johnson prevented him from doing so.  K.K.R. was seated in the backseat.  During her parents' heated discussion she became upset and cried.  Raymos called the police and the trial court found Johnson was not truthful with the investigating officer.  Raymos left without K.K.R.  The court also found Johnson denied Raymos visitation on September 18.

Raymos recorded the September 18 events.  The recording was admitted into evidence at the temporary-orders hearing and played for the trial court.  It is also part of the mandamus record.

---

[1] TEX. FAM. CODE ANN. § 156.006(b)(1) (West Supp. 2015).

2

With regard to the September 18 events, the trial court stated the following among its findings of fact:

- When [K.K.R.] got in the car with her Father, she was glad to see him and ready to go out and eat;
- [K.K.R.] never pushed the Mother's agenda with the Father;
- Mother then approached the pickup to block its path;
- Mother began trying to push [K.K.R.] to ask the Father questions, and have the Father answer [K.K.R.] about questions being pushed by the Mother;
- Mother wanted to talk about relocation, and put her foot under the vehicle's tire, saying if Father ran over her foot, he would go to jail;
- [K.K.R.] cried hysterically; and
- Mother kept yelling at Father and [K.K.R.], beat on the windows, and prevented Father from leaving with [K.K.R.] for his scheduled visitation.

The court further found that on September 18:

- Mother placed her perceived entitlement to obtain her own wishes ahead of the best interest of [K.K.R.], in that it was not in the best interest of [K.K.R.] for Mother to use [K.K.R.] as stated above.
- Mother set a bad example for [K.K.R.].
- Mother set and influenced [K.K.R.] against the Father.
- Mother intentionally caused confrontations with the Father in [K.K.R.'s] presence.
- The confrontation of September 18, 2015, was caused intentionally by Mother.
- [K.K.R.] witnessed all this turmoil and chaos and [K.K.R.] was put right in the middle of it by her Mother.

3

- The incident on September 18, 2015, was not an isolated event and, based upon the evidence, this has to be an ongoing problem.
- Mother's conduct placed [K.K.R.] in present circumstances that significantly impairs the child's physical health.
- Mother's conduct put [K.K.R.] in present circumstances that significantly impairs the child's emotional development.
- Mother's conduct clearly caused [K.K.R.] distress and would absolutely have damaging effects on the emotional development of [K.K.R.].
- Mother's bursts of anger are emotionally damaging to [K.K.R.].

On September 27, without court approval or prior notice, Johnson and K.K.R. moved outside the geographic restriction to Friendswood, Texas. She testified Friendswood is a six-and-one-half to eight-hour drive from Vernon, depending on conditions. Johnson acknowledged in court she was aware that relocating outside the geographic restriction required court approval and prior notice.

On October 16, Raymos filed a motion to modify the decree, alleging a material and substantial change of circumstances. Among other things, he sought appointment as K.K.R.'s sole managing conservator. He requested a temporary orders hearing and relief under temporary orders. Johnson answered, requested trial by jury, and, via a counter-petition, sought expansion of the geographic restriction to include Harris County and increased child support.

The temporary-orders hearing took place on December 29, 2015. According to Raymos's testimony, visitation with K.K.R. became more difficult after the move to Friendswood. He explained that after traveling K.K.R. usually slept "a little later" the

4

following day. Johnson agreed in testimony that travel for weekend visitation meant Raymos had less time with K.K.R.

Johnson presented evidence of K.K.R.'s environment in Friendswood. Johnson has relatives in the area. She and her husband have one child with another expected. The family lives in a three-bedroom brick home. There was evidence K.K.R. visited the Houston Zoo and a Galveston beach. According to Johnson, K.K.R.'s activities in the Friendswood area include playing at a community park and attending art shows, book readings, a boat parade, fishing tournaments, and "all sorts of festivals." At school, K.K.R. is involved in music class and art. She enjoys the school library. Johnson has found a pediatrician with whom she is pleased.

Temporary orders signed on March 23[2] granted Raymos the exclusive right to designate the primary residence of K.K.R. in Wilbarger County. That same day Johnson filed her petition in this court. At our request, Raymos filed a response.

Analysis

Through two issues Johnson contends the evidence at the temporary orders hearing was insufficient to meet the standard of Family Code section 156.006(b)(1) and therefore the temporary order changing the designation of the person who has the exclusive right to designate the primary residence of K.K.R. from Johnson to Raymos was an abuse of discretion for which no adequate remedy by appeal exists.

---

[2] The order also states Johnson was in contempt for violating the geographic restriction, failing to give proper notice of her relocation, and denying Raymos visitation on two specified occasions during 2015.

Mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *see In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding) (explicating adequate remedy by appeal). We defer to a trial court's factual determinations having evidentiary support, but we review de novo the trial court's legal determinations. *In re Labatt Food Serv., L.P.,* 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker,* 827 S.W.2d at 840.

Because a trial court's temporary orders are not appealable, mandamus is an appropriate remedy. *In re Strickland,* 358 S.W.3d at 820 (citing *In re Derzapf,* 219 S.W.3d 327, 334-35 (Tex. 2007) (orig. proceeding) (per curiam)); *In re Ostrofsky,* 112 S.W.3d 925, 928 (Tex. App.—Houston [14 Dist.] 2003, orig. proceeding) (holding that because temporary orders, entered while a motion to modify in a suit affecting the parent-child relationship is pending, are not subject to interlocutory appeal, mandamus is an appropriate means for challenging these orders).

During the pendency of a suit for modification, the Family Code generally prohibits a trial court from issuing temporary orders changing the designation of the person with the right to determine a child's primary residence. TEX. FAM. CODE ANN. § 156.006(b). To this rule the statute provides three exceptions. TEX. FAM. CODE ANN. § 156.006(b)(1)-(3); *see In re Rather,* 2011 Tex. App. LEXIS 9625, at *6 (Tex. App.—Houston 14th Dist. Dec. 8, 2011, orig. proceeding) (citing *In re Sanchez,* 228 S.W.3d 214, 218-19 (Tex. App.—San Antonio, 2007, orig. proceeding) (trial court's ability to

6

change designation during pendency of suit for modification curtailed to a limited set of circumstances)).  Relying on the exception of subsection(b)(1), the trial court changed the designation through temporary orders.  This standard provides:

> While a suit for modification is pending, the court may not render a temporary order that has the effect of changing the designation of the person who has the exclusive right to designate the primary residence of the child under the final order unless the temporary order is in the best interest of the child and . . . the order is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development[.]

TEX. FAM. CODE ANN. § 156.006(b)(1).

In her petition and reply to Raymos's response, Johnson focuses her abuse of discretion argument on the absence of evidence demonstrating that K.K.R.'s present circumstances would significantly impair her physical health or emotional development. She also points to an absence of evidence that K.K.R. was harmed by discussions between Johnson and Raymos concerning Johnson's intended move.

In his response Raymos details and relies on the evidence surrounding the September 18 occurrence.  He argues, "The evidence of the Mother's conduct on September 18, 2015 and before that date and the evidence of the effect that conduct had on the child established that the Father met his burden before the trial court and sufficiently supported the trial court's decision."

Raymos directs us to two cases he believes should guide our decision.  In *In re Eckert,* No. 09-06-00549-CV, 2007 Tex. App. LEXIS 527 (Tex. App.—Beaumont Jan. 25, 2007, orig. proceeding) (mem. op.) the father was sole managing conservator of an eleven-year-old child.  The terminally-ill mother lived in New York.  Seeking to retain

7

possession of the child, the mother filed a motion to modify and sought temporary orders. At the temporary-orders hearing the court heard evidence the father did not allow the child to talk to the mother for three months and gave inadequate attention to the child's medical and dental treatment. 2007 Tex. App. LEXIS 527, at *3. The trial court also conducted an unrecorded interview of the child in chambers which, the appellate court explained, creates a presumption of facts supporting the trial court's ruling. Further, there was evidence the father "persistently obstructed communication between the mother and the child while the child remained with him." 2007 Tex. App. LEXIS 527, at *4. In light of this fact and the mother's terminal illness, the court found the trial court could reasonably have determined that separation from the mother while the case proceeded would significantly impair the child's emotional development. 2007 Tex. App. LEXIS 527, at *4. Here, the record does not contain any evidence of impairing conduct by Johnson in the child's present circumstances.

The other case on which Raymos relies, *In re A.D.,* 474 S.W.3d 715 (Tex. App.—Houston [14th Dist.] 2014, no pet.), concerned Family Code section 156.102 which applies in cases in which modification of the right to determine a child's primary residence is sought within one year of the final order. But to the point here, there was evidence of ongoing impairing conduct by the child's mother, who had the exclusive right to designate the child's primary residence under the decree, at the time temporary orders transferred that right to the father. 474 S.W.3d at 724-25, 726. As noted, the present record contains no such evidence.

We find *In re Eckert* and *In re A.D.* inapposite, but find the Fourteenth Court's opinion in *In re Rather* instructive. There, the mother possessed the right to designate

8

the child's primary residence without a geographic restriction. Without proper notice she moved the child from Houston to Fort Stockton because of her fiancé's employment. The father filed a motion to modify and at a temporary-orders hearing the court granted the father the right to determine the child's primary residence. 2011 Tex. App. LEXIS 9625, at *1-2. At issue in the mandamus proceeding initiated by the mother was whether the evidence presented at the temporary-orders hearing justified a finding under section 156.006(b)(1) that the child's present circumstances would significantly impair either his physical health or his emotional development. 2011 Tex. App. LEXIS 9625, at *4. The hearing evidence focused on the mother's pre-move conduct in Houston. In conditionally granting the mother's petition the court found the hearing testimony was no evidence of the child's present circumstances. The same is true in this case. The only evidence of K.K.R.'s present circumstances was presented through Johnson and tended to depict those circumstances as positive. Even if we were to accept an inference that conduct like that Johnson exhibited on September 18 continued to occur after the move to Friendswood, there is no evidence that her inferred conduct would significantly impair K.K.R.'s physical health or emotional development. *See Rather*, 2011 Tex. App. LEXIS 9625, at *4 (rejecting similar inference-drawing); *In re Strickland,* 358 S.W.3d at 822 ("Because each child's circumstances are different, conditions that could significantly impair the emotional development of one child may not affect another child as strongly").

We agree with the assessment expressed by the Waco court of appeals when it noted that "[T]he standard for making a modification in a temporary order that has the effect of changing the designation of the person who has the exclusive right to

designate the primary residence of the child has been set very high by the Legislature in requiring the finding of significant impairment." *In re Payne,* No. 10-11-00402-CV, 2011 Tex. App. LEXIS 9611, at *6 (Tex. App.—Waco Dec. 2, 2011, orig. proceeding) (mem. op.). We find there is no evidence establishing the subsection (b)(1) exception. Accordingly we must conclude the trial court abused its discretion by rendering temporary orders that changed from Johnson to Raymos the right to designate K.K.R.'s primary residence. Johnson has no adequate remedy by appeal.

## Conclusion

Having determined that Johnson is entitled to relief, we conditionally grant her petition for writ of mandamus. We are confident the trial court will vacate that portion of its March 23, 2016, temporary orders that grants Raymos the exclusive right to designate the primary residence of K.K.R. The writ will issue only if the trial court fails to do so.[3]

James T. Campbell
Justice

---

[3] The parties will understand that this opinion addresses only the relief granted by the temporary orders, and we express no opinion on either party's entitlement to relief under the pending petition and counter-petition for modification.